RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 5/10/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIE ANDREWS | DOCKET NO. 1:13-CV-215; SEC. P |
| VERSUS | JUDGE TRIMBLE |
| THE STATE OF LOUISIANA | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Willie Andrews, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff is incarcerated at Rapides Parish Detention Center in Alexandria, Louisiana. He complains that he is wrongfully incarcerated, and he asks that he be "provided a 'clean slate'" and that the media "clear [Plaintiff's] name."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Law and Analysis*

In order to state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and present factual, nonconclusory allegations that the alleged deprivation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). Here, Plaintiff only states that he is wrongfully incarcerated. He provides no factual allegations in support of this conclusion.

For relief in this case, Plaintiff asks for "a clean slate" and to have his name cleared. Plaintiff's request for exoneration

is not properly before the Court. See <u>Carson v. Johnson</u>, 112 F.3d 818, 820 (5th Cir. 1997). A petition for writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact or duration of his confinement. See <u>Cook v. Texas Dept. of Criminal Justice Planning Dept.</u>, 37 F.3d 166, 168 (5th Cir. 1994). However, Plaintiff should note that, with regard to habeas corpus, a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to habeas corpus relief. See <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 225 (5th Cir. 1987), *cert. denied*, 484 U.S. 956 (1987); <u>Rose v. Lundy</u>, 455 U.S. 509 (1982).

Further amendment of the civil rights complaint would be useless in this case because the relief sought is not available by way of a civil rights action under Section 1983.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may

be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this ____ day of May, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE